```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
RAFAEL ANTONIO CUEVAS,

                    Petitioner,           MEMORANDUM AND ORDER

      - against -                         07 Civ. 10635(NRB)
                                          06 CR 250(NRB)
UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Rafael Antonio Cuevas ("Cuevas") brings this pro se petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On July 27, 2006, Cuevas pleaded guilty before this court to one count of illegally reentering the United States following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On December 7, 2006 this Court sentenced Cuevas principally to a term of 41 months imprisonment, the low end of the applicable range under the United States Sentencing Guidelines. Petitioner did not appeal.

Cuevas now seeks to set aside his sentence on the grounds of ineffective assistance of counsel. Cuevas argues that his attorney was ineffective for failing to argue at sentencing that (1) Cuevas's earlier deportation did not follow an "aggravated felony"; (2) the United States Sentencing Guidelines's 16-point enhancement for prior drug trafficking offenses, at U.S.S.G § 2L1.2(b)(1)(A), is unconstitutional because it results in "double counting" of a

defendant's criminal history; (3) the Supreme Court's decision in Almandarez-Torres v. United States, 523 U.S. 224 (1998) was wrongly decided; (4) "fast track" programs in some judicial districts create unwarranted sentencing disparities; and (5) for a downward departure pursuant to United States v. Booker, 543 U.S. 220 (2005).

Cuevas also suggests at various points in his petition that his counsel's ineffectiveness in failing to inform him about the operation of the Sentencing Guidelines resulted in his plea not being knowing or voluntary.

For the reasons set forth below, Cuevas's petition is denied in its entirety.

### BACKGROUND[1]

Cuevas, a citizen of the Dominican Republic, was convicted in New York County Supreme Court on July 21, 1998 of criminal sale of a controlled substance in the third degree. According to Cuevas's immigration records, as well as his own petition in this case, the substance involved was cocaine.[2] Cuevas was sentenced principally to one to three years' imprisonment, and he served approximately 10

---

[1] The facts set forth herein are taken mostly from Cuevas's Petition; the government's memorandum of law in opposition ("Opp'n"); the Presentence Investigation Report ("PSR") prepared by the United States Probation Office, dated October 24, 2006; and Cuevas's plea allocution dated July 27, 2006.

[2] Cuevas's submissions offer two different accounts of the quantity of cocaine involved in the sale. In his initial petition he argued that "[H]is New York conviction for simple intent to sell a 4 gram of cocaine [was] not a felony under analogous Federal drug laws," (Pet. at 5). But, in his reply submission, Cuevas argued that, "In my case, the sale of one gram of cocaine is not a felony under Section 841(b)(1)(C)." (Reply Letter at 2).

months. He was then deported, on August 25, 1999, back to the Dominican Republic.

Without obtaining consent from the Attorney General, Cuevas subsequently returned to the United States. He was arrested twice by the New York City Police Department, once on September 8, 2005 in Manhattan for criminal possession of a weapon and possession of forged instruments, and then in Queens on January 18, 2006 for criminal possession of a loaded firearm. After the second arrest he was detained by state authorities before being transferred to the custody of the Immigration and Customs Enforcement ("ICE"), and then eventually to the United States Marshals Service in March, 2006.[3]

---

[3] Petitioner wrote a letter to this Court, dated April 30, 2007, in which he sought credit towards his federal sentence for the approximately two months that he spent in New York State and ICE custody. Petitioner was arrested on January 18, 2006, and held in state custody until he was transferred to ICE on February 22, 2006, then held in ICE custody until March 22, 2006.
    The Attorney General, through the Bureau of Prisons (BOP), has sole authority to determine the credit to which a defendant is entitled for prior custody, under 18 U.S.C. § 3585(b). Federal regulations permit defendants to seek administrative review of the computation. See 28 C.F.R. §§ 542.10-542.16. It is well-settled that defendants must exhaust administrative remedies before seeking judicial relief. See United States v. Whaley, 148 F.3d 205, 207 (2d Cir. 1998). See also United States v. Wilson, 503 U.S. 329, 335 (1992)(a prisoner may use 18 U.S.C. § 2241 to challenge the computation of time credited to a sentence, but must first exhaust administrative remedies).
    Since Cuevas has not sought administrative review of the computation, his application is not properly before this Court. But we note that, in response to this Court's inquiries, the BOP has offered cogent reasons for why Cuevas will not receive credit for such time. Cuevas was eventually sentenced to time-served on the state weapons charge, and thus is not entitled to federal credit for the same time. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 333, 337 ("the final clause of § 3585(b) allows a defendant to receive credit only for detention time that has not been credited against another sentence"). Further, the time Cuevas spent in ICE custody is considered administrative in nature, and not "official detention" for purposes of 18 U.S.C. § 3585. See, e.g., Alba-Tovar v. United States, 05 Civ. 1899 (JO), 2006 WL 2792677, at * 2 (D.Or. Sept. 22, 2006).

On March 17, 2006, Cuevas was charged in a single-count indictment, 06 CR 250 (NRB), with illegal reentry after having been convicted of an aggravated felony, in violation of 8 U.S.C § 1326(a) and (b)(2). On July 27, 2006, Cuevas pled guilty, pursuant to a Pimentel letter. Both the Pimentel letter and the Presentence Investigation Report ("PSR") calculated Cuevas's Guidelines range as follows: his base offense level, 8, was increased by 16-points pursuant to U.S.S.G § 2L1.2(b)(1)(A) because Cuevas had been deported after a drug trafficking conviction for which the sentence imposed exceeded 13 months. He also received three points off for acceptance of responsibility - resulting in an offense level of 21. Based on his prior conviction, he had three criminal history points and thus a criminal history category of II. Thus, the applicable Guidelines range was 41-51 months' imprisonment.

Prior to sentencing, Cuevas's attorney submitted a sentencing letter dated November 21, 2006, which requested a non-Guidelines sentence of 10 months imprisonment based upon the factors set forth in 18 U.S.C. § 3553(a). The letter argued that a non-Guidelines sentence was appropriate principally because (1) Cuevas suffered from medical problems including bleeding, hemorrhoids, back pain, severe headaches, and occasional blurred vision as a result of a fall; (2) he was a musician; and (3) he had family in the Dominican Republic who would care for him upon his return.

On December 7, 2006, this Court sentenced Cuevas to 41 months' imprisonment, which he is currently serving. He did not appeal his sentence.

### DISCUSSION

The crux of Cuevas's petition is that the sentence he received was too long. He takes issue with his lawyer's failure to make certain arguments, in particular that the 16-point enhancement pursuant to § 2L1.2(b)(1)(A) "double counted" his criminal history, since his criminal history drove both his offense level and his criminal history category. A subtext of Cuevas's scattershot attack on his sentence and the Guidelines is the suggestion that his lawyer's ineffective assistance rendered his guilty plea not knowing and voluntary. Accordingly, construing his pro se petition liberally as we must, see, e.g., Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008), we read Cuevas's petition as seeking to vacate both his plea and his sentence.

In the discussion that follows, we first set out the law applicable to an ineffective assistance of counsel claim, then discuss Cuevas's arguments as to why he would have received a lower sentence, then finally we consider his arguments as to the voluntary and knowing nature of his plea.

### I. Applicable Law

A claim of ineffective assistance of counsel is analyzed under the two-part standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under <u>Strickland</u>, a defendant must demonstrate (1) that counsel's performance was deficient, and (2) that the deficient performance resulted in prejudice to the defendant such that the result of the proceeding would have been different. <u>Id.</u> at 687.

Counsel's performance is ineffective only if petitioner "identif[ies] acts or omissions [that] were outside the wide range of professionally competent assistance." <u>Id.</u> at 690. In evaluating a claim of ineffectiveness, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance." <u>Id.</u> at 689. The court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u> at 689.

A professionally unreasonable error by counsel alone is not enough to set aside a judgment; petitioner must also demonstrate that he suffered prejudice from the deficiency. In other words, petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. "A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Id.  See also Lindstadt v. Keane, 239 F.3d 191, 204 (2d Cir. 2001); United States v. Reiter, 897 F.2d 639, 645 (2d Cir. 1990).

**II. Cuevas's Arguments As To the Length of His Sentence**

Cuevas argues that his counsel was ineffective for failing to make at least five separate arguments pertaining to the length of his sentence: (1) that Cuevas's earlier deportation had not been for an "aggravated felony"; (2) that the United States Sentencing Guidelines's 16-level enhancement for prior drug trafficking offenses, pursuant to U.S.S.G § 2L1.2(b)(1)(A) is unconstitutional as it results in "double counting" of a defendant's criminal history; (3) that the Supreme Court's decision in Almandarez-Torres v. United States, 523 U.S. 224 (1998) was wrongly decided; (4) that so-called "fast track" programs in some judicial districts create unwarranted sentencing disparities; and (5) for an unspecified downward departure pursuant to United States v. Booker, 543 U.S. 220 (2005).

As Cuevas's arguments are either legally or factually wrong, or have been squarely rejected by the Second Circuit, the advancement of them would not have led to a different sentence. We consider each in seriatim.

**1. The Removal Proceedings Were Unfair**

Cuevas's first argument is that his counsel failed to argue that his prior deportation was unfair because it was not for an "aggravated felony." In his petition, Cuevas initially argued that his 1998 conviction for criminal sale of a controlled substance in the third degree was only a misdemeanor under federal law (even though it was a "felony" under New York law). Then, in his reply letter, Cuevas conceded - properly - that the conviction did amount to a felony under federal law. Cuevas's underlying offense involved cocaine, and cocaine falls under Schedule II of the Controlled Substances Act (21 U.S.C. § 812). Distribution of Schedule II substances is punishable by up to twenty years' imprisonment (21 U.S.C. § 841(b)(1)(C)); and any narcotics crime punishable by more than one year imprisonment is a "felony drug offense" and hence a "felony" under federal law. See 21 U.S.C. §§ 802(13) and 802(44); Burgess v. United States, 128 S.Ct 1572, 1575-1576 (2008). Nevertheless, Cuevas still maintains that his 1998 conviction was not an "aggravated felony" because it involved fewer than five grams of cocaine.[4]

Cuevas's argument is mistakenly predicated on a Second Circuit decision, United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005), which held that a defendant could not be convicted of one of the "aggravated" drug offenses in 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B) unless the jury found, or the defendant himself admitted, the

---

[4] See note 2, supra.

requisite drug quantities that trigger the mandatory minimums in each of these sections.[5] Cuevas conflates the use of "aggravated" in these penalty provisions with use of the term "aggravated felony" in the relevant immigration statutes found in Title 8 of the United States Code. As defined in 8 U.S.C. § 1101(a)(43)(B), the term "aggravated felony" means . . . "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." In turn, 18 U.S.C. § 924(c) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act."

The Supreme Court recently construed these very provisions in Lopez v. Gonzales, 549 U.S. 47 (2006). The Court clarified that a state offense constitutes a "felony punishable under the Controlled Substances Act," and thus an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) only if it proscribes conduct punishable as a felony under the Controlled Substances Act. Id. at 71. In the case before it, the Court held that the offense at issue was not an "aggravated felony" because, while his aiding and abetting offense may have been a felony under South Dakota law, it was only punishable as a misdemeanor under the federal Controlled Substances Act.

---

[5] In terms of cocaine, the requisite quantities are 5 kilograms and 500 grams, respectively.

Here, unlike Lopez, and as set forth above, Cuevas's underlying conduct was punishable as a felony under the Controlled Substances Act. See 21 U.S.C. § 841(b)(1)(C). Therefore, Cuevas's conviction was following an "aggravated felony," as that term is defined at 8 U.S.C. § 1101(a)(43)(B). See United States v. Polanco, 29 F.3d 35, 38 (2d Cir. 1994).

Thus, Cuevas's counsel was not ineffective for failing to argue that his deportation was not subsequent to an "aggravated felony," when in fact it was.

### 2. Almendarez-Torres was wrongly decided

Cuevas's next argument is that his counsel was ineffective for failing to argue that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998) was wrongly decided. Almendarez-Torres held that where a statute provides for an enhanced penalty based on a defendant's prior convictions, the fact of those prior convictions may be found by the judge as a sentencing factor, and is not required to be proved to the jury as an element of the underlying offense. Although Almendarez-Torres has been called into question by several Justices, see Shepard v. United States, 544 U.S. 13, 27-28 (2005)(Thomas, J. concurring in part)("[A] majority of the Court now recognizes that Almendarez-Torres was wrongly decided"), the Supreme Court has explicitly reaffirmed that Almendarez-Torres remains good law even

-10-

after Apprendi v. New Jersey, 530 U.S. 466 (2000)(holding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury). See United States v. Harris, 536 U.S. 545, 565 (2002); United States v. Booker, 543 U.S. 220, 244 (2005)("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.")

It is not the prerogative of the lower courts to question whether Supreme Court decisions are wrongly decided. As the Second Circuit has written in rejecting the very argument that Cuevas now puts forward: "that recidivism is a sentencing factor rather than an element of the crime, remains good law, and it is not within the purview of the Courts of Appeals to anticipate whether the Supreme Court may one day overrule its existing precedent." United States v. Estrada, 428 F.3d 387, 390 (2d Cir. 2005)(citing United States v. Santiago, 268 F.3d 151, 155 & n.6 (2d Cir. 2001).

Accordingly, Cuevas's lawyer was not ineffective for failing to argue that Almendarez-Torres was wrongly decided.

### 3. The Guidelines "Double Count" Criminal History

Cuevas next argues that his counsel was ineffective for failing to argue that § 2L1.2(b)(1)(A) of the Sentencing Guidelines

is unconstitutional because it results in the "double counting" of a defendant's criminal history.

The Second Circuit has squarely rejected the proposition that § 2L1.2(b)(1)(A) results in impermissible "double counting": "It is well [ ] established in this Circuit that a district court does not err when it uses a prior offense to calculate both the offense level and the criminal history category to determine the correct Guidelines range in unlawful reentry cases. . . . [T]he offense level and criminal history category measure different things." United States v. Pereira, 465 F.3d 515, 522 (2d Cir. 2006) (internal quotation marks omitted). See also United States v. Carrasco, 313 F.3d 750, 757 n.2 (2d Cir. 2002).

Thus, Cuevas's counsel was not ineffective for failing to advance the "double counting" argument.

### 4. Absence of a Fast-Track Program

Cuevas's argument that his lawyer was ineffective for failing to argue that "fast track" programs create unwarranted sentencing disparities between federal districts has also been squarely rejected by the Second Circuit. See United States v. Mejia, 461 F.3d 158, 164 (2d Cir. 2006) ("[A] district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable."). See also Espinal-Martinez v. United States, No. 06 Cov. 0583, 2007 U.S.

Dist. LEXIS 47844, at *6-7 (N.D.N.Y. July 2, 2007) ("Since courts do not have to account for the difference between fast-track and non fast-track jurisdictions, Petitioner cannot say with any reasonable probability that had his counsel made an argument alleging that the difference should be factored into sentencing, that the outcome of his sentencing would have been different.").

### 5. Downward Departure

Cuevas's last sentencing argument is that lawyer did not request a downward departure pursuant to Booker. However, his lawyer did exactly that in a sentencing letter, dated November 21, 2006. Thus, there is no need to consider this argument.

Accordingly, none of the arguments that Cuevas now claims that his lawyer was ineffective for failing to make would have resulted in a different sentence, and Cuevas's arguments fail under Strickland.

In the end, this Court was well aware of all the leniency arguments that were made, or could have been made, on Cuevas's behalf, but determined that a sentence of 41 months' imprisonment was appropriate, given that Cuevas had been deported following a narcotics offense; did not serve the entire sentence; came back to

this country illegally; and then managed to get arrested twice for weapons charges.[6]

### III. The Voluntary and Knowing Nature of Cuevas's Plea

Finally, we address Cuevas's suggestions that his counsel's ineffectiveness rendered his plea of guilty not knowing and intelligent because he was not fully informed as to how the Guidelines operate. We find that Cuevas's statements to this effect are either flatly contradicted by the record, or are simply mischaracterizations of the law.

For example, in arguing for the unconstitutionality of the 16-point enhancement in U.S.S.G § 2L1.2(b)(1)(A), Cuevas argues that, "defense counsel misinformed him and promised him that the [16-point] enhancement cannot be taken into consideration."[7] Yet, Cuevas acknowledged at his plea allocution that he had reviewed the Pimentel letter with his lawyer, he understood the likelihood of his receiving a 16-point enhancement, and he even tried to argue against such an enhancement at the plea hearing. Cuevas lobbied this Court: "[I ask you] to be as considerate as possible as far as

---

[6] See Sent. Tr. 8:21-9:4 November 29, 2006.

[7] Pet. at 6.

-14-

my sentence because, as I understand it, the 16 points I'm given, I have paid already for that case." }.[8]

Cuevas's other argument as to the voluntary and knowing nature of his plea is that his lawyer did not tell him that he could plead to the base offense level, yet have a separate jury trial on the issue of the 16-point enhancement. This is not an accurate description of the current state of the law, see, e.g., Booker 543 U.S. at 244, and Cuevas's counsel was clearly not ineffective for failing to so inform him.

Thus, there is no reason to question this Court's finding at the plea allocution that Cuevas's guilty plea was knowing and intelligent.[9]

## CONCLUSION

For the foregoing reasons, Cuevas's petition is denied in its entirety. As Cuevas has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability

---

[8] Plea Tr. 13:3-6 July 27, 2006. Further, Cuevas acknowledged that he understood the Pimentel letter and its Guidelines calculation of 41 to 51 months. See Plea Tr. at 18:13-16. (COURT: "Are you familiar with that letter and the government's calculation of the Sentencing Guidelines' range?" CUEVAS: "Yes.").

[9] See Plea Tr. at 23:2-8 ("Mr. Cuevas, having spoken to you for probably about three quarters of an hour, I am satisfied that you understand the nature of the charge against you, and the consequences of your plea, and that your plea is made voluntarily and knowingly, and that there is a factual basis for it. Accordingly, I will accept your plea of guilty and direct that a presentence report be prepared.").

will not issue. <u>See</u> 28 U.S.C. § 2253(c). The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated:   New York, New York
         May 14, 2008

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Rafael Antonio Cuevas
58843-054
CI Moshannon Valley
PO Box 2000
Phillipsburg, PA 16886

Anna E. Arreola, Esq.
Assistant United States Attorney
Office of the U.S. Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

-16-